IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In the Matter of: | ) | |
| --- | --- | --- |
| | ) | |
| DANIEL BENJAMIN SNYDER, | ) | Case No. 21-01942-DSC7 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |

ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter came before the Court on November 30, 2021, for a telephonic hearing on the Motion for Relief from Automatic Stay (the "Motion") (doc. 26) filed by Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased ("Movant"). Appearing at the hearing were Mark Lee and Kendall Lee as counsel for the Movant, and Taylor Crockett and Daniel Wolter as counsel for Daniel Benjamin Snyder ("Debtor").

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference entered and amended by the United States District Court for the Northern District of Alabama. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

Based upon the filings, the arguments of counsel, and for reasons set forth herein, the Court **FINDS** and **CONCLUDES** as follows:[1]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files, and the Court does so in this case. *See IT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

The facts that bring the parties before this Court involve a SeaDoo watercraft collision approximately 7 years ago that claimed the life of the Movant's daughter. Although the Debtor scheduled the Movant as a creditor, he disputes liability for the prepetition, wrongful death lawsuit filed against him in the Circuit Court of Cullman County, Alabama (the "State Court Action"). The Movant timely filed Adversary Proceeding No. 21-00047 with this Court to challenge the dischargeability of her claim against the Debtor under 11 U.S.C. § 523(a)(9). As acknowledged by the Movant in ¶ 7 of her nondischargeability complaint, this Court has jurisdiction over her claims against the Debtor pursuant to 28 U.S.C. § 1334(b) because the claims are "related to" the Debtor's bankruptcy. This "related to" jurisdiction also makes the State Court Action removable to federal court pursuant to 28 U.S.C § 1452(a) and 1334(b) -- at least that is the premise underlying the pending Motion. The Court agrees that "related to" jurisdiction exists here as the outcome of the State Court Action could conceivably impact the debtor and his bankruptcy estate. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) ("a civil proceeding is related to bankruptcy [when] the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy ... [a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate").

Even though the Movant contends that the State Court Action is removable, the State Court Action has not been removed.[2] Evidently, the Movant construes the act of removal, quite literally, as a "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor" that would otherwise be prohibited by the automatic stay unless the stay is

---

[2] While there may be questions about the timeliness of removal under 28 U.S.C. § 1452 and Bankruptcy Rule 9027, such questions are not ripe for consideration.

lifted. 11 U.S.C. § 362(d). Not surprisingly, the Debtor takes no issue with the assumption that stay relief is required to proceed with removal; instead, he opposes lifting the automatic stay on grounds that there is no cause for doing so under § 362(d). (Doc. 52.) Consistent with the Debtor's argument, the Court is unpersuaded that the Movant has carried her burden of establishing cause for lifting the stay under § 362(d), but that determination is inconsequential because the Motion is MOOT.

The Court concludes that there are at least two reasons why the Motion is moot. To begin, the Court is unconvinced that stay relief is required to accomplish removal. It is undisputed that the State Court Action was stayed upon the Debtor's chapter 7 filing; indeed, the State Court Action is a judicial proceeding filed against the Debtor to recover claims against him that arose before the commencement of his chapter 7 bankruptcy case. 11 U.S.C. § 362(a)(1). Notwithstanding, the Court concludes that the act of removal is not prohibited by the automatic stay. In this regard, the Court is persuaded by the rationale of *In re Cashco*, *Inc.* 599 B.R. 138, 147 (Bankr. D.N.M. 2019):

> The automatic stay also applies to the "commencement or continuation" of an "action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). If applied literally, this statutory language would bar acts taken by creditors in the bankruptcy case itself. For example, the stay would apply to the filing of a proof of claim; an objection to a debtor's claim of exemption; an objection to treatment of a prepetition claim under a debtor's plan filed in a chapter 11, 12 or 13 case; and to a myriad of other things that creditors routinely file in bankruptcy cases. In fact, as the bankruptcy court pointed out in *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999), application of the automatic stay to actions taken in bankruptcy court would even result in "having to modify the automatic stay to allow a creditor to move to lift the stay in the first place." 229 B.R. at 95. . . . In addition, the filing of a notice of removal does nothing to advance the pending state court action litigation. Because removal does not advance the claims asserted in the underlying state court action, removal does not constitute a continuation of a pre-petition proceeding that would be subject to the automatic stay.

3

*See also Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt Ard, Inc.*, No. 21-114, 2021 WL 915722, *1, *4 (E.D. Pa. Mar. 10, 2021) (holding that the "weight of authority permits a case to be removed and remanded despite the automatic stay.").[3]

Even if stay relief were required for removal, however, it is of no moment here. This is so because the Debtor was granted a discharge on November 15, 2021. (Doc. 49.) Section 362(c) provides:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied; ...

11 U.S.C.§ 362(c). And based on § 362(c)(2)(C), the automatic stay in the Debtor's chapter 7 case lifted when the discharge was granted. "Under the plain language of § 362, although the stay of an act against property of the estate continues until such property is no longer property of the estate, the stay of any other act under subsection (a) is lifted when a Chapter 7 discharge is granted." *In re Raley*, No. 20-10482, 2021 WL 5095491, at *1, *2 (Bankr. S.D. Ala. Nov. 2, 2021). Accordingly, the Motion is moot. *See In re Nevarez*, 488 B.R. 332, 336 (Bankr. E.D. Tex. 2013) (*"*Since the discharge terminated the automatic stay, *see* 11 U.S.C. § 362(c)(2)(C), the Court dismissed the motion for relief filed by RCS as moot.") Based on the Movant's pending nondischargeability complaint, and consistent with the exceptions listed on page 2 of the Order of Discharge, this Court will decide whether or not the Debtor's debt to Movant has been discharged.

---

[3] The Court acknowledges there is a split of authority on this issue but is persuaded by the "weight of authority" holding that the stay under § 362(a) does not apply to removal actions like the one contemplated by the Movant.

In sum, the Court concludes that: (1) the automatic stay does not apply to removal of the State Court Action and (2) according to § 362(c)(2)(C) of the Bankruptcy Code, the automatic stay lifted when the Debtor's discharge was granted. (Doc. 49.) Based on the foregoing discussion and these conclusions, the Court DENIES the Motion as MOOT.

Dated: December 30, 2021.

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge